Eastern District of Kentucky
**FILED**

OCT 2 8 2009

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL CASE NO: ~~07-203~~-WOB**
*07-67*

LOIS DAVIS, et al.,                                          PLAINTIFFS,

V.

KENTON COUNTY CLERK'S OFFICE, et al.,          DEFENDANTS.

## JURY INSTRUCTIONS

### Instruction No. 1

Immediately upon retiring to the jury room you will elect one of your number as foreperson. All of you must agree on each of the verdict questions you will be asked to answer.

Verdict forms have been prepared for your convenience. You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the forms which set forth the verdict upon which you unanimously agree with respect to each issue in this case. You will then notify the Courtroom Security Officer that you are ready to return with your verdict to the courtroom.

## Instruction No. 2

It is your duty, as jurors, to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

It is your duty to determine the facts, and in so doing you must consider only the evidence as it is presented in this case. While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence presented.

You are the sole judges of the credibility or believability of each witness, as well as of the weight to be given to the testimony or evidence presented to you.

The burden is on the plaintiffs in a civil action such as this to prove every essential element of their claim by a "preponderance of the evidence." In this case, the defendants have also asserted a defense which requires them to prove the elements of that defense by a preponderance of the evidence.

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

2

**Instruction No. 3**

Under the First Amendment of the Constitution of the United States, every citizen has the right to the "freedom of speech," which includes the right to engage in political activity. In this case, each plaintiff claims that she was terminated and not rehired because of her exercise of her constitutional right to support another political candidate for the office of Kenton County Clerk. To prove her claim, each plaintiff must show by a preponderance of the evidence that:

1. She engaged in political activity by her support of a political candidate;

2. She was terminated and not rehired;

3. Her opposition to defendant's election was a substantial or motivating factor in defendant's decision not to rehire the plaintiff; and

4. She sustained damages as a result of not being rehired.

A substantial or motivating factor need not be a "but-for" factor or the only reason for defendant's failure to rehire a plaintiff, but is rather a factor that motivated defendant's actions.

**Instruction No. 4**

If a plaintiff proves the elements of her claim by a preponderance of the evidence, the burden then shifts to the defendant to prove by a preponderance of the evidence that he would not have rehired the plaintiff regardless of her political activities. In other words, defendant must show that he would not have rehired the plaintiff even if the plaintiff had supported his candidacy. When deciding which qualified candidates to hire, a defendant employer may legitimately rely on subjective qualifications, except that he may not take into consideration an employee's political beliefs or affiliations.

If a plaintiff proves the elements of her claim and the defendant does not carry his burden of defense, then you will find for that plaintiff and award damages. If a plaintiff does not prove each element of her claim, or if the defendant proves that he would not have rehired the plaintiff regardless of her political beliefs or activities, then you will find for the defendant.

4

**Instruction No. 5**

Each plaintiff must prove her damages by a preponderance of the evidence.  Damages must be based on evidence and not on speculation.

Compensatory damages are meant to fairly compensate plaintiff by putting her in the same position that she would have been in if the discrimination had not occurred.  You may award back pay, meaning the amount of pay and benefits that the plaintiff would have received had she continued as Deputy Clerk, minus the pay and benefits she received or should have received from other employment obtained after her termination.  You may also compensate a plaintiff for the mental aspects of her injury, such as any emotional pain and suffering, even though such damages are not easy to measure.

## Instruction No. 6

In addition to compensatory damages, you may but are not required to award punitive damages against the defendant Rodney Eldridge. You should award punitive damages if you find by a preponderance of the evidence that defendant Eldridge acted with malice or in reckless indifference to a plaintiff's constitutional rights. Conduct is malicious if it is accompanied by ill will or spite or is done for the purpose of injuring a plaintiff. Conduct is in reckless disregard of a plaintiff's rights if it reflects a complete indifference to a plaintiff's rights.

Punitive damages are intended both to punish the defendant and to deter others from engaging in similar conduct in the future. Any award of punitive damages will be assessed against defendant Eldridge as an individual and not against the Kenton County Clerk's Office.

6

**Special Verdict Form Plaintiff Lois Davis**

1.  Do you find from a preponderance of the evidence that plaintiff Lois Davis has proven the four elements of her claim as set out in Instruction No. 3?

Yes___✗___                     No_____

If you answered "YES" to Question No. 1, answer Question No. 2 on this same page.  If you answered "NO" to Question No. 1, do not answer any more questions on this page, but proceed to page 9.


2.  Did defendant Rodney Eldridge prove by a preponderance of the evidence that he would not have rehired plaintiff Lois Davis regardless of her political beliefs or activities?

Yes_____                 No__✗____

If you answered "NO" to Question No. 2, proceed to Question No. 3 on the next page.  If you answered "YES" to Question No. 2, do not answer any more questions relating to plaintiff Lois Davis but instead proceed to page 9 after the Foreperson signs the bottom of this page.

FOREPERSON

3. Do you find from a preponderance of evidence that plaintiff Lois Davis should be awarded compensatory damages up to the date of trial?

Yes____X_____                    No_____

If you answered "Yes" to Question No. 3, answer Question No. 4. If you answered "No" to Question No 3, proceed to the next page.

4. What sum of compensatory damages do you find for plaintiff Lois Davis?

a. Lost wages and benefits, if any, up to the date of trial? _$ 104,000_

b. Damages for emotional pain and suffering? ____0_____

5. Do you find from a preponderance of the evidence that the defendant Rodney Eldridge acted with malice or with reckless indifference to plaintiff Lois Davis's constitutionally protected rights and that punitive damages should be assessed against him?

Yes_____                    No___X_____

If you answered "YES" to Question No. 5, what amount do you award for punitive damages: _____ _____

_____
FOREPERSON

8

### Special Verdict Form Plaintiff Ruth Thornsburg

1. Do you find from a preponderance of the evidence that plaintiff Ruth Thornsburg has proven the four elements of her claim as set out in Instruction No. 3?

Yes____✕____                    No_____

If you answered "YES" to Question No. 1, answer Question No. 2 on this same page.  If you answered "NO" to Question No. 1, do not answer any more questions on this page, but proceed to page 11.

2. Did defendant Rodney Eldridge prove by a preponderance of the evidence that he would not have rehired plaintiff Ruth Thornsburg regardless of her political beliefs or activities?

Yes_____                    No___✕_____

If you answered "NO" to Question No. 2, proceed to Question No. 3 on the next page.  If you answered "YES" to Question No. 2, do not answer any more questions relating to plaintiff Ruth Thornsburg but instead proceed to page 11 after the Foreperson signs the bottom of this page.

_____

FOREPERSON

3. Do you find from a preponderance of evidence that plaintiff Ruth Thornsburg should be awarded compensatory damages up to the date of trial?

Yes___X___            No_____

If you answered "Yes" to Question No. 3, answer Question No. 4.  If you answered "No" to Question No 3, proceed to the next page.

4.  What sum of compensatory damages do you find for plaintiff Ruth Thornsburg?

a. Lost wages and benefits, if any, up to the date of trial? ___$ 31,000___

b. Damages for emotional pain and suffering? ___0___

5.  Do you find from a preponderance of the evidence that the defendant Rodney Eldridge acted with malice or with reckless indifference to plaintiff Ruth Thornsburg's constitutionally protected rights and that punitive damages should be assessed against him?

Yes_____            No___X___

If you answered "YES" to Question No. 5, what amount do you award for punitive damages: _____

_____
FOREPERSON

10

**Special Verdict Form Plaintiff Ricole Neal**

1. Do you find from a preponderance of the evidence that plaintiff Ricole Neal has proven the four elements of her claim as set out in Instruction No. 3?

Yes___X___                         No_____

If you answered "YES" to Question No. 1, answer Question No. 2 on this same page. If you answered "NO" to Question No. 1, do not answer any more questions on this page, but proceed to page 13.

2. Did defendant Rodney Eldridge prove by a preponderance of the evidence that he would not have rehired plaintiff Ricole Neal regardless of her political beliefs or activities?

Yes_____                     No___X___

If you answered "NO" to Question No. 2, proceed to Question No. 3 on the next page. If you answered "YES" to Question No. 2, do not answer any more questions relating to plaintiff Ricole Neal but instead proceed to page 13 after the Foreperson signs the bottom of this page.

_____

FOREPERSON

3. Do you find from a preponderance of evidence that plaintiff Ricole Neal should be awarded compensatory damages up to the date of trial?

Yes____✗_____                    No_____

If you answered "Yes" to Question No. 3, answer Question No. 4. If you answered "No" to Question No 3, proceed to the next page.

4. What sum of compensatory damages do you find for plaintiff Ricole Neal?

a. Lost wages and benefits, if any, up to the date of trial? _$ 36,000___

b. Damages for emotional pain and suffering? _____◯_____

5. Do you find from a preponderance of the evidence that the defendant Rodney Eldridge acted with malice or with reckless indifference to plaintiff Ricole Neal's constitutionally protected rights and that punitive damages should be assessed against him?

Yes_____                    No___✗_____

If you answered "YES" to Question No. 5, what amount do you award for punitive damages:          _____

_____

FOREPERSON

12

**Special Verdict Form Plaintiff Virginia Wafford**

1. Do you find from a preponderance of the evidence that plaintiff Virginia Wafford has proven the four elements of her claim as set out in Instruction No. 3?

Yes___✗_____          No_____

If you answered "YES" to Question No. 1, answer Question No. 2 on this same page. If you answered "NO" to Question No. 1, do not answer any more questions on this page, but proceed to page 15.

2. Did defendant Rodney Eldridge prove by a preponderance of the evidence that he would not have rehired plaintiff Virginia Wafford regardless of her political beliefs or activities?

Yes_____          No___✗_____

If you answered "NO" to Question No. 2, proceed to Question No. 3 on the next page. If you answered "YES" to Question No. 2, do not answer any more questions relating to plaintiff Virginia Wafford but instead proceed to page 15 after the Foreperson signs the bottom of this page.

_____

FOREPERSON

3. Do you find from a preponderance of evidence that plaintiff Virginia Wafford should be awarded compensatory damages up to the date of trial?

Yes____X____                              No_____

If you answered "Yes" to Question No. 3, answer Question No. 4. If you answered "No" to Question No 3, proceed to the next page.

4. What sum of compensatory damages do you find for plaintiff Virginia Wafford?

a. Lost wages and benefits, if any, up to the date of trial? _$68,000_

b. Damages for emotional pain and suffering? _____O_____

5. Do you find from a preponderance of the evidence that the defendant Rodney Eldridge acted with malice or with reckless indifference to plaintiff Virginia Wafford's constitutionally protected rights and that punitive damages should be assessed against him?

Yes_____                    No____X____

If you answered "YES" to Question No. 5, what amount do you award for punitive damages: _____

____FOREPERSON____

**Special Verdict Form Plaintiff Cindy Johnson**

1. Do you find from a preponderance of the evidence that plaintiff Cindy Johnson has proven the four elements of her claim as set out in Instruction No. 3?

Yes___✗___                    No_____

If you answered "YES" to Question No. 1, answer Question No. 2 on this same page. If you answered "NO" to Question No. 1, do not answer any more questions on this page, but proceed to page 17.


2. Did defendant Rodney Eldridge prove by a preponderance of the evidence that he would not have rehired plaintiff Cindy Johnson regardless of her political beliefs or activities?

Yes_____                    No___✗___


If you answered "NO" to Question No. 2, proceed to Question No. 3 on the next page. If you answered "YES" to Question No. 2, do not answer any more questions relating to plaintiff Cindy Johnson but instead proceed to page 17 after the Foreperson signs the bottom of this page.


_____

FOREPERSON

3. Do you find from a preponderance of evidence that plaintiff Cindy Johnson should be awarded compensatory damages up to the date of trial?

Yes___ X ___                    No_____

If you answered "Yes" to Question No. 3, answer Question No. 4. If you answered "No" to Question No 3, proceed to the next page.

4. What sum of compensatory damages do you find for plaintiff Cindy Johnson?

a. Lost wages and benefits, if any, up to the date of trial? _$107,000_

b. Damages for emotional pain and suffering? _____ 0 _____

5. Do you find from a preponderance of the evidence that the defendant Rodney Eldridge acted with malice or with reckless indifference to plaintiff Cindy Johnson's constitutionally protected rights and that punitive damages should be assessed against him?

Yes_____                No___ X ___

If you answered "YES" to Question No. 5, what amount do you award for punitive damages: _____

_____

FOREPERSON

16

### Special Verdict Form Plaintiff Donna Wood

1. Do you find from a preponderance of the evidence that plaintiff Donna Wood has proven the four elements of her claim as set out in Instruction No. 3?

Yes___✗___                              No_____

If you answered "YES" to Question No. 1, answer Question No. 2 on this same page. If you answered "NO" to Question No. 1, do not answer any more questions on this page, but proceed to the last page.

2. Did defendant Rodney Eldridge prove by a preponderance of the evidence that he would not have rehired plaintiff Donna Wood regardless of her political beliefs or activities?

Yes_____                           No___✗___

If you answered "NO" to Question No. 2, proceed to Question No. 3 on the next page. If you answered "YES" to Question No. 2, do not answer any more questions relating to plaintiff Donna Wood but instead proceed to the last page after the Foreperson signs the bottom of this page.

_____
FOREPERSON

17

3. Do you find from a preponderance of evidence that plaintiff Donna Wood should be awarded compensatory damages up to the date of trial?

Yes___✗___                          No_____

If you answered "Yes" to Question No. 3, answer Question No. 4. If you answered "No" to Question No 3, proceed to the last page.

4. What sum of compensatory damages do you find for plaintiff Donna Wood?

a. Lost wages and benefits, if any, up to the date of trial? $85,000

b. Damages for emotional pain and suffering? _____0_____

5. Do you find from a preponderance of the evidence that the defendant Rodney Eldridge acted with malice or with reckless indifference to plaintiff Donna Wood's constitutionally protected rights and that punitive damages should be assessed against him?

Yes_____                          No___✗___

If you answered "YES" to Question No. 5, what amount do you award for punitive damages: _____

FOREPERSON

18

**FINAL SIGNATURE PAGE**

Please sign below to attest that this is your verdict, and notify the courtroom security officer that you have reached a verdict.

_____

Foreperson